## No. 9774.

### FRANK A. LYNCH vs. JOHN C. FEBIGER, JR.

A dealer in paints of a particular quality who sells the same with the formal condition that they shall be used as they come from the manufacturers and be properly put on, and who subsequently discovers that one to whom he has sold such paints has put in the same foreign ingredients—oil and turpentine—is not, as a rule, liable in damages for refusing to sell further to such purchaser and for stating that he had not kept his agreement.

Particularly is such the law, when the statements are made without malice, under the firm belief that they are true and for self-protection, to the party himself, or to parties interested entitled to an information.

**A** PPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Henry Dufilho* for Plaintiff and Appellee :

Every publication of language concerning a man or his affairs, which, as a necessary or natural and proximate consequence occasions pecuniary loss to him, is *primâ facie* a slander. Townshend on Slander and Libel, § 70, p. 115.

Slander is defaming a man in his reputation by speaking words which affect his life, office or trade. Ibid, p. 59. foot note 3.

Words uttered must be construed in the sense which hearers of common and reasonable understanding would ascribe to them, even though particular individuals better informed in the matter alluded to, might form a different judgment on the subject. Moak's Underhill on Torts, pp. 122, 123.

Language is not to be construed in a milder sense (*mitiori sensu*), because it is capable of a forced construction by being interpreted in an innocent sense. Bigelow on Torts, (Student's Edition), p. 39 ; see also 2 L. 577 ; 2 N. S. 257, and other authorities quoted in brief.

When language is slanderous *per se*, damages may be recovered without special injury or damage being proved. Townshend on Slander and Libel, p. 542 ; 38 Ann. (vol. 38), No. 2, p. 161, and the authorities in that decision quoted.

Injury to one's feelings is a legitimate ground of action for reasonable indemnity. 38 Ann. (vol. 38) No. 2, p. 161.

Communications made by one person to another. having for object the protection of the private interest of either or both of the parties, must, in order to be privileged, have been made with a firm belief in their truth ; otherwise malice is to be presumed. To determine whether such communications were made under a firm belief in their truth. it is necessary to consider the circumstances attending the publication, and the means of information possessed by the publisher for knowing whether or not the communication or publication was true. That mischief which a man does he is supposed to mean, and he is not permitted to put in issue a meaning abstracted from the fact. Townshend on Slander and Libel, pp. 135, 600 ; Moak's Underhill on Torts, p. 129 ; Folkard's Starkie on Slander and Libel, p. 343.

The answer of defendant equivocates. It includes every possible defense, except apology to the party aggrieved. It cannot avail him, 38 Ann. (vol. 38), No. 2, p. 161.

There is no such thing in law as a half-way justification. Townshend on Slander and Libel, § 212 and note, 2d ed.

*Joseph P. Hornor* and *Francis B. Lee* for Defendant and Appellant :

1. The truth of the words uttered, or publication made, is an absolute defense to a civil action of. libel or slander. Const. 1879. Art. 168 ; Perret vs. Times, 25 Ann. 176 ; 14 Ann. 406 ; 15 Ann. 592 ; Hawkins vs. Picayune, 29 Ann. 137 ; Staub vs. Van Benthuysen, 36 Ann. 469.

2. Statements made by one person about another to a third, though untrue, are privileged when they are made without malice, under a firm belief in their truth. and for the purpose of protecting his own pecuniary interests or those of persons equally interested in the subject matter of the communications, or in reply to questions upon the said subject matter put to him by persons interested in it and entitled to an answer. Townshend on Libel and Slander, secs. 209, 240, 241 ; Odgers on Libel and Slander, pp. 203, 209, 234 ; Haney vs. Trost, 34 Ann. 1147.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an action in damages for slander, fixed at $25,000.

In two petitions, an original and a supplementary, elaborately prepared, the plaintiff complains that the defendant has slandered him in his business, as a house painter, misrepresenting him as having adulterated paints purchased from defendant.

Elaborate exceptions and an amplified answer were filed, in which the defendant avers that he, as agent, had sold paints known as "*Masury's liquid colors*," under the express condition, previously entered into, that he would use these just as they come from the manufacturers whom he represented, and would put them on properly ; that he subsequently discovered that plaintiff had violated the agreement by allowing something to be put into the colors, and that he would not sell plaintiff any more of said paints.

The case was submitted to a jury, who returned a verdict of $500, on which was rendered the judgment appealed from, and of which no amendment is asked.

Twenty-two witnesses have testified.

The contract or understanding was proved, and it was expressly admitted that the plaintiff had put oil and turpentine in Masury's liquid colors.

The proof is also that the defendant made the statements to the plaintiff himself, as well as to parties interested, who had a right to be informed, and whom defendant had a right to approach.

Conceding *arguendo*, however, that the defendant has not proved the contract and its violation, a question rising superior to those raised in this suit would be:   Could not the defendant, without giving any reasons or tendering any excuse, have refused, with impunity, selling paints any further to plaintiff?

It occurs to us that defendant cannot be assimilated to public servants, common carriers, and to others in similar positions, who are bound to do certain things, and who may make themselves liable in cases of dereliction of duty and injury to others.

Considering further that it is established that the defendant used the word *adulterated* when he accused plaintiff with putting in the paint other ingredients, we do not think that it is shown that he did so with a full knowledge of the whole purpose of the word, which sometimes means to corrupt by some foreign mixture.   We prefer, under the cir-

Lynch vs. Febiger.

cumstances, in the absence of any malice shown, to consider that he used the word in the other sense which it has, to alter by intermixing what was less valuable, such as oil and turpentine.

Even were it otherwise, under the evidence, we are not prepared to say that the addition of those two ingredients did not really constitute an adulteration, which actually corrupted or vitiated the liquid colors, so as to deprive them, when properly used, as received from the manufacturers, of their usual brilliancy and durability.

The testimony, *pro and con*, establishes satisfactorily the defense.

In refusing the motion for a new trial, the District Judge said that he considered the verdict erroneous, and gave reasons in support, as follows :

1st. There was no proof of any defamatory utterances by defendant other than the statements as admitted in the answer.

2d. It is more than doubtful whether those statements taken in the light of the entire admissions are at all defamatory.

3d. The truth of those statements were not only proved beyond a doubt, but it was admitted in argument that the turpentine had been put into the paints by plaintiff's orders.

4th. The existence, prior to the date of the alleged slanders, of the contract set up by the defendant was established.

5th. The further defense of the qualified privilege set up in the answer was established in each particular case in which it was pleaded, and it was so pleaded as to each of the statements admitted and proved to have been made.

6th. There was no proof of injury to plaintiff's reputation.

7th. There was no malice by the defendant. His acts and statements proceeded from the desire to protect his interests, not to wantonly injure or annoy plaintiff.

While we consider that the district judge ought to have granted a new trial, still as the defendant does not complain, we feel justified in passing upon the merits.

With the district judge we think the verdict is erroneous and that the case is with the defendant.

It is therefore ordered that the verdict of the jury be set aside and that the judgment appealed from be reversed, and it is now decreed that there be judgment in favor of the defendant, with costs in both courts.